UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

BRIAN LAWRENCE,

                                Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER
MICHAEL ROSITANO (tax # 955418), POLICE
OFFICER MARK RAILE (tax # 955359), SERGEANT
KHAZIN VALENTIN (tax # 946603), POLICE
OFFICERS JOHN DOES 1-3,

                                Defendants.

**FIRST AMENDED COMPLAINT**

15 CV 0294 (FB) (RLM)

Jury Trial Demanded

------------------------------------------------------------------------ x

        Plaintiff BRIAN LAWRENCE, by his attorney RICHARD CARDINALE, alleges as follows:

## PRELIMINARY STATEMENT

        1.    This is a civil rights action in which the plaintiff alleges that the City of New York and several New York City Police Officers violated his rights under 42 U.S.C. § 1983 and the First and Fourth Amendments to the United States Constitution by retaliating against him for engaging in free speech, falsely arresting him and using unreasonable force on him. Plaintiff also asserts claims of false arrest, assault, battery and vicarious liability under New York state law. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

        2.    This action is brought pursuant to 42 U.S.C. § 1983 and the First and Fourth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

Case 1:15-cv-00294-FB-RLM   Document 16   Filed 06/30/15   Page 2 of 8 PageID #: 46

3. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his New York state law claims of false arrest, assault, battery and vicarious liability which form part of the same case and controversy as plaintiff's federal claims under Article III of the United States Constitution.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because the City of New York is located in this District and because the incident in question occurred in this District.

## JURY TRIAL

5. Pursuant to Fed. R. Civ. P. 38, plaintiff demands a jury trial.

## NOTICE OF CLAIM

6. In connection with plaintiff's claims under state law, a notice of claim was duly filed with the City of New York within 90 days of the incident, more than 30 days have elapsed since such filing, and the City has not offered to settle plaintiff's state law claims.

7. This action is brought within one year and 90 days of the incident at issue.

## PARTIES

8. Plaintiff is a resident of the State of New York, County of Kings.

9. The City of New York is a municipal corporation organized under the laws of the State of New York.

10. Officer Michael Rositano, Officer Mark Raile and Sergeant Khazin Valentin are members of the New York City Police Department ("NYPD"). Rositano, Raile and Valentin acted under color of state law and within the scope of their employment as members of the NYPD at all relevant times herein. Rositano, Raile and Valentin are sued in their individual capacities.

2

**STATEMENT OF FACTS**

11.     On July 8, 2014, at approximately 11:00 p.m., plaintiff was on the sidewalk on Newkirk Avenue between Flatbush Avenue and East 23rd Street in Brooklyn speaking with friends.  At all relevant times, plaintiff was engaging in lawful activity.

12.     At the above time and place, New York City Police Officers Michael Rositano and Mark Raile and other members of the NYPD (the "officers") confronted plaintiff and his friends and demanded identification.

13.     One of plaintiff's friends asked the officers the reason why he had to produce identification.  The officers told plaintiff's friend to "shut up" and pushed him to the ground.

14.     Plaintiff engaged in free speech by asking the officers the reason why they had pushed his friend.  The officers responded by grabbing plaintiff and slamming him face first into the gate of a closed beauty parlor.

15.     The officers then arrested plaintiff and his friends and brought them to the 70th Precinct.

16.     In the 70th Precinct, the officers put plaintiff in a cell and kept plaintiff handcuffed excessively tight for several hours in retaliation for plaintiff's exercise of free speech.

17.     In the 70th Precinct, Officer Rositano, with the approval of Officer Raile, Sergeant Valentin and the other officers involved in plaintiff's arrest, falsely charged plaintiff with congregating with six other individuals and gambling with dice in a public place.  Plaintiff was charged with unlawful assembly, disorderly conduct and loitering for the purpose of gambling.

18.     Plaintiff was subsequently taken to Brooklyn Central Booking.

19. While plaintiff was in custody, Officer Rositano, with the approval of Officer Raile, Sergeant Valentin and the other officers involved in plaintiff's arrest, misrepresented to the Kings County District Attorney's Office that plaintiff had committed the offenses unlawful assembly, disorderly conduct and loitering for the purpose of gambling.

20. Under questioning by Assistant District Attorney Evangelos Pantelis, Officer Rositano conceded that no police officers observed plaintiff roll dice or exchange money at the time and place of occurrence.

21. As a result of Officer Rositano's concession, the Kings County District Attorney's Office declined to prosecute plaintiff and ordered his release.

22. Plaintiff was released from Brooklyn Central Booking on July 10, 2014, at approximately 12:30 a.m.

23. As a result of the defendants' actions, plaintiff suffered a loss of liberty, emotional distress, fear, anxiety, sadness, embarrassment, humiliation, pain and physical injuries, including bruising and lacerations to his face and wrists. Plaintiff has scars on his wrists from the unreasonably tight handcuffs.

## FIRST CLAIM

### (§ 1983; VIOLATION OF RIGHT TO FREE SPEECH)

(Against All Defendants)

24. Plaintiff repeats the foregoing allegations.

25. Plaintiff exercised free speech during the incident in question by questioning defendants' actions.

26. Plaintiff's exercise of free speech was a motivating factor in defendants' decisions to use force upon, arrest, attempt to prosecute, and otherwise mistreat plaintiff.

27. Accordingly, defendants are liable to plaintiff under the First Amendment for violating plaintiff's right to free speech.

## SECOND CLAIM

### (§ 1983; FALSE ARREST)

(Against All Defendants)

28. Plaintiff repeats the foregoing allegations.

29. Plaintiff was conscious of his confinement, he did not consent to his confinement and his confinement was not privileged.

30. Accordingly, defendants are liable to plaintiff under the Fourth Amendment for false arrest.

## THIRD CLAIM

### (§ 1983; UNREASONABLE FORCE)

(Against All Defendants)

31. Plaintiff repeats the foregoing allegations.

32. Defendants' use of force upon plaintiff was objectively unreasonable and caused plaintiff to suffer pain and injuries.

33. Accordingly, defendants are liable to plaintiff under the Fourth Amendment for unreasonable force.

## FOURTH CLAIM

### (§ 1983; FAILURE TO INTERVENE)

(Against All Defendants)

34. Plaintiff repeats the foregoing allegations.

35. Defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights under the First and Fourth Amendments, but they failed to fulfill their constitutional obligation to intervene.

36. Accordingly, defendants are liable to plaintiff under the First and Fourth Amendments for failing to intervene to prevent the violation of plaintiff's rights under those amendments.

### FIFTH CLAIM

### (FALSE ARREST UNDER N.Y. STATE LAW)

(Against All Defendants)

37. Plaintiff repeats the foregoing allegations.

38. Plaintiff was conscious of his confinement, he did not consent to his confinement and his confinement was not privileged.

39. The City of New York is vicariously liable to plaintiff because the individual defendants were acting within the scope of their employment as members of the NYPD at all relevant times.

40. Accordingly, defendants are liable to plaintiff under New York state law for false arrest.

### SIXTH CLAIM

### (ASSAULT UNDER N.Y. STATE LAW)

(Against All Defendants)

41. Plaintiff repeats the foregoing allegations.

42. Defendants' use of force on plaintiff placed plaintiff in fear of imminent harmful and offensive physical contacts which injured him.

6

43. The City of New York is vicariously liable to plaintiff because the individual defendants were acting within the scope of their employment as members of the NYPD at all relevant times.

44. Accordingly, defendants are liable to plaintiff under New York state law for assault.

## SEVENTH CLAIM

### (BATTERY UNDER N.Y. STATE LAW)

(Against All Defendants)

45. Plaintiff repeats the foregoing allegations.

46. Defendants' use of force upon plaintiff constituted offensive and nonconsensual physical contact which injured plaintiff.

47. The City of New York is vicariously liable to plaintiff because the individual defendants were acting within the scope of their employment as members of the NYPD at all relevant times.

48. Accordingly, defendants are liable to plaintiff under New York state law for battery.

WHEREFORE, plaintiff requests the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Attorney's fees and costs;

    d. Such other and further relief as the Court may deem just and proper.

DATED:  June 30, 2015

    __/s/_____
    RICHARD CARDINALE
    Attorney at Law
    26 Court Street, Suite # 1815
    Brooklyn, New York 11242
    (718) 624-9391